UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIK GUSTAFSON,

                        Plaintiff,

v.                                                      1:11-CV-1275
                                                        (GTS)

COMMISSIONER OF SOCIAL SECURITY

                        Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS                            PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard Street
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMINISTRATION                    REBECCA H. ESTELLE, ESQ.
  Counsel for Defendants                               KAREN G. FISZER, ESQ.
26 Federal Plaza
New York, NY 10278


GLENN T. SUDDABY, United States District Judge

### MEMORANDUM-DECISION and ORDER

        Currently before the Court, in this Social Security action filed by Erik Gustafson

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on

the pleadings.  (Dkt. Nos. 12, 16.)  For the reasons set forth below, Defendant's motion is

granted and Plaintiff's motion is denied.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on October 7, 1974.  He has earned a general equivalency diploma, and is able to communicate in English.  During his life, Plaintiff has worked as a snowplow driver, property manager and mechanic.  Generally, his alleged disability consists of back and leg injuries.  Plaintiff's alleged disability onset date is November 1, 2008.

### B.     Procedural History

On January 23, 2009, Plaintiff applied for Supplemental Security Income.  Plaintiff's application was initially denied, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("the ALJ").  On May 27, 2010, Plaintiff appeared before ALJ, Carl Stephan.  (T. 29-60.)  The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on July 28, 2010.  (T. 13-28.)  On September 7, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 16-24.)  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date.  (T. 18.)  Second, the ALJ found that Plaintiff's central left disc herniation at L5-S1, central disc protrusion/herniation at L4-L5, and degenerative foraminal stenosis at L4 through S1 are severe impairments.  (T. 18.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1; the ALJ considered listing 1.04.  (T. 20.)  Fourth, the ALJ found that

Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work. (T. 20-23.) Finally, the ALJ found that Plaintiff is unable to perform his past relevant work, but that there are jobs that exist in the national economy that he can perform. (T. 23-24.)

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

In support of his motion for judgment on the pleadings, Plaintiff argues only that the ALJ erred in determining that he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1; specifically, Plaintiff argues that his impairments meet or medically equal Paragraph A of Listing 1.04. (Dkt. No. 12 at 3-4 [Pl.'s Mem. of Law].)

### B.    Defendant's Arguments

In response to Plaintiff's motion, and in support of Defendant's motion for judgment on the pleadings, Defendant argues that his decision that Plaintiff was not disabled within the meaning of the Social Security Act from January 23, 2009, through July 28, 2010, is supported by substantial evidence. (Dkt. No. 16 at 12-19 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is

a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an

individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.

The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen*

*v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity.  If he is not, the [Commissioner]
> next considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to do basic work
> activities.  If the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations.  If the
> claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education,
> and work experience; the [Commissioner] presumes that a claimant who is
> afflicted with a "listed" impairment is unable to perform substantial
> gainful activity.  Assuming the claimant does not have a listed
> impairment, the fourth inquiry is whether, despite the claimant's severe
> impairment, he has the residual functional capacity to perform his past
> work.  Finally, if the claimant is unable to perform his past work, the
> [Commissioner] then determines whether there is other work which the
> claimant could perform.  Under the cases previously discussed, the
> claimant bears the burden of the proof as to the first four steps, while the
> [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV.    ANALYSIS

**A.    Whether the ALJ Erred in Failing to Find that Plaintiff's Impairment Meets
or Medically Equals Listing 1.04**

After carefully considering the matter, the Court answers this question in the negative,

generally for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 16 at 13-17

[Def.'s Mem. of Law].)  The Court would only add the following analysis.

Plaintiff has the burden to prove that his impairment meets or medically equals a listing. In order to meet this burden, Plaintiff must show that his medically determinable impairment satisfies *all* of the specified criteria in a Listing. *See* 20 C.F.R. §§ 404.1525(d), 416.925(d) (emphasis added). "If [Plaintiff's] impairment 'manifests only some of those criteria, no matter how severely,' such impairment does not qualify." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 (1990)).

Here, the ALJ specifically considered Listing 1.04, but found, without analysis or explanation, that Plaintiff's lumbar spine impairments do not meet or medically equal Paragraph A, B or C of that Listing. (T. 20.)

> Courts have required an ALJ to provide an explanation as to why the claimant failed to meet or equal the Listings, "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." *Kuleszo v. Barnhart*, 232 F. Supp. 2d 44, 52 (W.D.N.Y.2002). However, if an ALJ's decision lacks an express rationale for finding that a claimant does not meet a Listing, a Court may still uphold the ALJ's determination if it is supported by substantial evidence. *Berry*, 675 F.2d at 468.

*Rockwood*, 614 F. Supp. 2d at 273.

Plaintiff argues that his impairments meet or equal Paragraph A of Listing 1.04, which provides as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Part 404, Subpart P, Appendix. 1. In support of his argument, Plaintiff cites to record evidence of his decreased range of motion, pain, negative sensation, negative reflexes and positive straight leg raising tests. (Dkt. No. 12 at 3-4 [Pl.'s Mem. of Law].) However, Plaintiff fails to identify any record evidence of motor loss. Further, the Court's review of the record does not reveal any such evidence. In fact, the record shows that Plaintiff's treating physician, Dr. Anjum Iqbal, M.D., found that "[motor] is intact" during an exam on January 5, 2009, and again on February 2, 2009 and October 28, 2009. (T. 232, 233, 279.) On February 4, 2009, Dr. Edward A. Apicella, M.D., performed strength testing on Plaintiff, which revealed that Plaintiff had "some mild weakness at the right ankle[,]" but that he was able to heel and toe walk. (T. 236.) Also, during an emergency room visit on October 14, 2009, physician's assistant, Jeffrey A. Wadler recorded that Plaintiff showed no weakness and that strength of the upper and lower extremities was intact. (T. 269.) Where, as here, there is no medical evidence that the claimant experienced motor loss, Listing 1.04A is not met. *See Rockwood*, 614 F. Supp. 2d at 273 (citing *Zebley*, 493 U.S. at 530, 110 S. Ct. 885). Therefore, while the ALJ failed to explain his rationale for finding Plaintiff's impairments do not meet or medically equal Listing 1.04A, that finding is nonetheless supported by substantial evidence and must be upheld. *See id.* at 274 (citing *Berry*, 675 F.2d at 468).

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **<u>AFFIRMED</u>**; and it is further is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** .

Dated: November 19, 2012
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge